```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GABRIEL OLIVARES,
```

        Petitioner,      **REPORT AND RECOMMENDATION**

  -against-

                 09 Civ. 4091 (KMK) (GAY)

ROBERT ERCOLE,

        Respondent.
-------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

  On April 8, 2004, an Orange County jury convicted petitioner Gabriel Olivares ("petitioner" or "defendant") of first degree rape, first degree sodomy and intimidating a victim or witness in the third degree. Petitioner's conviction stemmed from an incident involving petitioner and two of his roommates on June 12, 2003 in Newburgh, New York. The trial court sentenced petitioner to concurrent determinate terms of imprisonment of twenty-five years (rape, sodomy) and a consecutive term of imprisonment of one and one-third to four years (intimidation). He is presently incarcerated at the Great Meadow Correctional Facility in Comstock, New York.

  Presently before this Court is petitioner's *pro se* Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. PROCEDURAL HISTORY**

  Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department, on the grounds that: (1) petitioner was

deprived of due process, a fair trial and his Sixth Amendment right to confrontation because defense counsel was precluded from asking the sole eyewitness whether petitioner was circumcised; (2) petitioner was deprived of due process and a fair trial because the trial court denied his request to have a handwriting expert examine the rape complainant's diary; and (3) petitioner's sentence was unduly harsh and excessive. See Brief for Defendant-Appellant, attached as Exhibit 2 to Respondent's Record of Exhibits,[1] at 0014.  The Second Department, by Decision and Order dated November 14, 2006, affirmed the judgment of conviction.  See People v. Olivares, 34 A.D.3d 602, 824 N.Y.S.2d 172 (2d Dep't 2006).  The New York Court of Appeals denied petitioner leave to appeal on August 30, 2007.  See People v. Olivares, 9 N.Y.3d 879, 874 N.E.2d 758, 842 N.Y.S.2d 791 (2007).

On or about September 19, 2008, petitioner filed a *pro se* motion to vacate the judgment of conviction pursuant to section 440.10 of the New York Criminal Procedure Law ("CPL"), on the grounds that:  (1) the evidence was insufficient to convict him beyond a reasonable doubt; and (2) he was denied effective assistance of counsel by virtue of his attorney's failure to file a post-verdict motion for legal insufficiency of the evidence pursuant to section 330.30 of the CPL.  See Exh. 6 at 0104-0116.  By Decision and Order dated December 22, 2008 (County Court, Orange County, J. Berry), petitioner's motion was denied in its entirety.  See Exh. 8.  On March 11, 2009, the Second Department denied petitioner's request for leave to appeal the denial of his 440.10 motion.  See Exh. 9.

---

[1] Hereinafter, all citations to "Exh. __," unless otherwise noted, refer to exhibits attached to Respondent's Record of Exhibits.

On March 20, 2009, the County Court resentenced petitioner *nunc pro tunc* on the rape and sodomy counts to concurrent terms of imprisonment of twenty-five years and to a five-year period of post-release supervision.

On or about March 27, 2009, petitioner filed the instant Petition for a Writ of Habeas Corpus, wherein he asserts the following grounds for habeas relief: (1) petitioner's trial counsel was ineffective because he failed to make a post-verdict motion for legal insufficiency of the evidence pursuant to CPL 330.30; (2) petitioner was deprived of his right to a fair trial by virtue of the trial court's denial of his request to have a handwriting expert examine the rape complainant's diary; (3) petitioner was deprived of due process, a fair trial and his Sixth Amendment right to confrontation because defense counsel was precluded from asking the sole eyewitness whether petitioner was circumcised; (4) the evidence was insufficient to establish petitioner's guilt beyond a reasonable doubt; and (5) petitioner's sentence was excessively harsh.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved

3

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  A state court's decision is "contrary to" clearly established Federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court of the United States]."  See Williams v. Taylor, 529 U.S. 362, 405 (2000).

As to the "unreasonable application" prong, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  See id. at 411.  A state court decision involves an "unreasonable application" of Federal Supreme Court precedent if (1) "the state court identifies the correct legal rule from [Federal Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or (2) "the state court either unreasonably extends a legal principle from [Federal Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  See id. at 407.

### III.  PROCEDURAL DEFAULT

Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground, unless the petitioner can

demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Lee v. Kemna, 534 U.S. 362, 375 (2002). Where a state court has expressly relied on a procedural default, federal habeas review is foreclosed even if the state court also addressed the merits of the federal claim. See Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005).

A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question." Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006) (internal quotation and citation omitted). Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." See Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

A. Limited Cross-Examination

As his third ground for habeas relief, petitioner alleges that he was deprived of due process, a fair trial and his Sixth Amendment right to confrontation because

defense counsel was precluded from asking the sole eyewitness whether petitioner was circumcised. Petitioner presented this argument to the Second Department in Point 1 of his brief on direct appeal; the Second Department affirmed petitioner's judgment of conviction and stated, *inter alia*:

> The defendant's contention that the County Court improperly limited his cross-examination is unpreserved for appellate review. In any event, the County Court properly limited the defendant's cross-examination.

See People v. Olivares, 34 A.D.3d 602 (citations omitted). Thus, although the Second Department evaluated the merits of petitioner's allegation *in the alternative*, the appellate court in the first instance expressly rejected petitioner's argument as "unpreserved." The Appellate Division's dismissal of said claim, therefore, rested on an "independent" state procedural ground. See Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 810-11 & n. 4 (2d Cir.2000) ("where a state court says that a claim is 'not preserved for appellate review' and then ruled 'in any event' on the merits, such a claim is not preserved").

Under New York's contemporaneous objection rule, an issue is properly preserved for appellate review only if the party raised an objection at trial. See N.Y. Crim. Proc. L. §470.05(2).[2] The record here reveals that petitioner did not object when the trial court prevented him from asking Ms. Stocco (the roommate who witnessed the assault) whether petitioner was circumcised (326-27).[3] Petitioner's claim, therefore,

---

[2] Section 470.05(2) provides, in pertinent part: "For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."

[3] Numbers in parentheses refer to pages from the trial transcript.

was not properly preserved.  The Second Circuit has noted that federal courts "have observed and deferred to New York's consistent application of its contemporaneous objection rules."  See Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999).  Thus, New York's contemporaneous objection rule is "adequate" to support the Appellate Division's decision.  Because there is an adequate and independent finding by the Appellate Division that petitioner procedurally defaulted on his claim regarding the limited cross-examination he now asserts as grounds for habeas relief, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  See Coleman, 501 U.S. at 750.

Here, petitioner does not advance any argument to support a showing of cause for his procedural default of said claim.  Because petitioner cannot show cause, I need not address whether he can show prejudice.  See Levine v. Commissioner of Corr. Servs., 44 F.3d 121, 127 (2d Cir.1995);  Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir.1985) ("Since a petitioner who has procedurally defaulted in state court must show both cause and prejudice in order to obtain federal habeas review, we need not, in light of our conclusion that there was no showing of cause, reach the question of whether or not [petitioner] showed prejudice.").

Nor does petitioner demonstrate that a fundamental miscarriage of justice will result if his claim is not considered.  "To establish a 'miscarriage of justice,' a petitioner must demonstrate that he is 'actually innocent.'"  Cruz v. Filion, 456 F. Supp.2d 474, 481 (S.D.N.Y.2006) (quoting Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir.2001)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United

States, 523 U.S. 614, 623 (1998).  To prevail on a claim of actual innocence, a petitioner must present new reliable evidence in light of which it is more likely than not that no reasonable juror would have convicted petitioner.  See Schlup v. Delo, 513 U.S. 298, 324-27 (1995); accord Murden v. Artuz, 497 F.3d 178, 194 (2d Cir. 2007).

More specifically, to satisfy the *Schlup* standard, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  See Schlup, 513 U.S. at 324.  Thus, if a reviewing court determines new evidence is reliable, it must analyze the claim of innocence in light of the entire record, including evidence that may have been inadmissible at trial.  See Doe v. Menefee, 391 F.3d at 162-63 (2d Cir. 2004).  After doing so (and having made its own credibility assessments), if the court then concludes it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt, the actual innocence standard is satisfied and the court may review the constitutional challenge.  See id. at 163.

In support of his actual innocence claim, petitioner points to an allegedly favorable polygraph examination taken June 9, 2009.  See Traverse and Memorandum of Law in Support of Petitioner's Writ of Habeas Corpus Petition ("Traverse"), at 38-39 and Exhibit B.  However, petitioner may not rely on the results of a polygraph examination to establish "actual innocence" because, as the Supreme Court has pointed out, "there is simply no consensus that polygraph evidence is reliable. To this day, the scientific community remains extremely polarized about the reliability of polygraph techniques."  See United States v. Scheffer, 523 U.S. 303, 310-11 (1998)

(citations omitted).  See also United States v. Duverge Perez, 295 F.3d 249, 254 (2d Cir. 2002) (noting that the Second Circuit has expressly reserved judgment on the issue of whether a sentencing court may admit polygraph results);  United States v. Messina, 131 F.3d 36, 42 (2d Cir. 1997) (in which the Second Circuit noted that it had "not decided whether polygraphy has reached a sufficient state of reliability to be admissible"); Escalante v. Brown, No. 08-CV-2040 (JS), 2009 WL 3075311 at *3 (E.D.N.Y. Sept. 21, 2009); Dixon v. Conway, 613 F. Supp.2d 330, 378-79 (W.D.N.Y. 2009).

Additionally, in support of his actual innocence claim, petitioner submits affidavits from three people (Wilfredo Gil, Gustavo Carrizo and Jorge Fontagnol), none of whom were present at the time of the assault, but who offer statements concerning the nature of the relationship between petitioner and the victim.[4]  One of the affiants (Mr. Fontagnol) also declares that the victim was seeking revenge against petitioner and wanted Mr. Fontagnol "to testify that Mr. Olivares forced himself into her." See Traverse, Exh. B.  However, considering petitioner's new evidence in light of the entire record, I cannot conclude that it is more likely than not that no reasonable juror could have found petitioner guilty beyond a reasonable doubt.  Thus, petitioner fails to demonstrate that a fundamental miscarriage of justice will result if his claim regarding

---

[4] Petitioner also submits a copy of the statement given by Ms. Stocco (the eyewitness) to the Newburgh police.  Petitioner does not discuss the relevancy of said document to his actual innocence argument; indeed, the Court does not readily ascertain its relevancy to petitioner's argument.  Neither does petitioner aver that said document was not part of the trial record. In any event, the Court has reviewed the statement and concludes that it contains no information which is not otherwise part of the record.

the limited cross-examination is not considered. Accordingly, I conclude, and respectfully recommend, that said claim should be dismissed as procedurally barred.

### B. Ineffective Assistance of Trial Counsel and Insufficient Evidence

As his first ground for habeas relief, petitioner argues that his trial counsel was ineffective because he failed to make a post-verdict motion for legal insufficiency of the evidence pursuant to CPL 330.30. Petitioner also contends, as his fourth ground for habeas relief, that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Petitioner raised neither of these allegations on direct appeal; however, petitioner asserted both of these claims in his CPL 440.10 motion to vacate the judgment. The trial court denied petitioner's contentions pursuant to CPL § 440.10(2)(c), which provides that a

> court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

See Exh. 8. The Second Department thereafter summarily denied petitioner leave to appeal from the denial of his motion to vacate.

Petitioner's first and fourth grounds for habeas relief are procedurally barred. In the first instance, the trial court clearly relied on an "independent" state procedural rule in denying petitioner's contentions. Further, the cases in this Circuit hold that C.P.L. § 440.10(2)(c) is an "adequate and independent" state procedural ground barring federal habeas review. See, e.g., Sweet v. Bennett, 353 F.3d 135, 140-41 (2d Cir. 2003); Davis v. Mantello, 42 Fed. App'x 488, 490 (2d Cir. 2002). Because there is an

adequate and independent finding by the trial court that petitioner procedurally defaulted on his third and fourth grounds for habeas relief, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. As previously discussed, however, petitioner has made no attempt to show cause or prejudice, and there is no indication that this Court's failure to address the merits of petitioner's contentions would result in a fundamental miscarriage of justice. Accordingly, I conclude, and respectfully recommend, that petitioner's procedural default bars federal review of his ineffective assistance and insufficient evidence claims.

## IV. HANDWRITING EXPERT

Prior to trial, the defense was provided with portions of the victim's diary as part of the *Rosario* materials. Petitioner claimed that the diary was not the same diary the victim kept during the time period at issue. Petitioner thereafter sought to have the victim's diary examined by a handwriting expert to determine the authenticity of its entries. Specifically, petitioner sought to establish that the diary contained recent fabrications, which could have undermined the complainant's credibility. The People opposed the application, and noted that the issue was collateral because the People did not intend to move the diary into evidence or have it as an exhibit. The trial court denied petitioner's application. On direct appeal to the Second Department, petitioner argued that he was deprived of his right to a fair trial by virtue of the trial court's denial of his request to have a handwriting expert examine the rape complainant's diary. The

Second Department upheld that the trial court's ruling on the ground that the handwriting expert's testimony "would have been offered solely to impeach the victim's credibility, and the credibility of a witness may not be impeached through extrinsic evidence on matters collateral to the issues in the case." See Exh. 4 at 0086-0087 (citations omitted). Presently, as his second ground for habeas relief, petitioner reasserts his contention that he was denied a fair trial by virtue of the trial court's ruling.

Generally, evidentiary rulings by a state trial court are matters of state law and do not present questions of constitutional dimension for habeas corpus review. See Roberts v. Scully, 875 F. Supp. 182, 189 (S.D.N.Y. 1995); see also Rosario v. Kuhlman, 839 F.2d 918, 924-25 (2d Cir. 1988) ("erroneous evidentiary rulings do not automatically rise to the level of constitutional error"). A petitioner seeking habeas relief from an allegedly erroneous evidentiary ruling "bears the 'heavy burden' of establishing that the trial court's error constituted a deprivation of a constitutionally recognized right such as the right to a fair trial." See Roldan v. Artuz, 78 F. Supp.2d 260, 276 (S.D.N.Y. 2000) (citing Roberts, 875 F. Supp. at 189). An erroneous evidentiary ruling does not deprive a defendant of his or her due process rights "unless the evidence 'is so extremely unfair that its admission [or omission] violates fundamental conceptions of justice.'" See Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (quoting Dowling v. United States, 493 U.S. 342, 352 (1990)). Thus, for erroneously admitted or omitted evidence "to amount to a denial of due process, the item must have been 'sufficiently material to provide for the basis for conviction or to remove [or create] a reasonable doubt that would have existed on the record without it.'" See id. at 125 (quoting Johnson v. Ross, 955 F.2d 178, 181 (2d Cir. 1992) (internal quotations omitted)).

Here, in the first instance, petitioner fails to demonstrate that the trial court's preclusion of the handwriting expert was erroneous. Under New York law, "[t]he general rule is that a party may not introduce extrinsic evidence on a collateral matter solely to impeach credibility." See People v. Alvino, 71 N.Y.2d 233, 247-48, 525 N.Y.S.2d 7, 15 (1987); accord, e.g., People v. Blanchard, 279 A.D.2d 808, 811, 718 N.Y.S.2d 722, 725 (3d Dep't), appeal denied, 96 N.Y.2d 826, 729 N.Y.S.2d 446 (2001). That is precisely what petitioner sought to do: introduce evidence that the diary contained recent fabrications which would undermine the victim's general credibility. Petitioner fails to demonstrate that the diary entries were directly relevant to the issues at trial. The victim's diary was never introduced into evidence, and the People did not offer the fact of the diary as corroborative evidence of the victim's trial testimony.

In any event, even assuming *arguendo* that the trial court's ruling was erroneous under New York law, it did not deprive petitioner of his constitutional right to a fundamentally fair trial. The evidence against petitioner was strong; the victim's testimony was corroborated by the testimony of another roommate who witnessed the assault. Evaluated in the context of the entire record below, the omitted evidence does not create a reasonable doubt that did not otherwise exist as to petitioner's guilt. See Hughes v. Phillips, 457 F. Supp.2d 343, 367 (S.D.N.Y.2006) ("In light of the overwhelming evidence of petitioner's guilt, [and] the collateral nature of the [disputed] evidence . . . even if it were error to admit such testimony . . ., the error was not of such magnitude as to have denied him a fundamentally fair trial."). In sum, petitioner has not shown that the Appellate Division's decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law[.]" See 28 U.S.C. §

2254(d)(1). Accordingly, as the Court cannot discern a question of constitutional dimension raised by petitioner's claim that the handwriting expert was erroneously precluded, I conclude and respectfully recommend that said claim is without merit and must be dismissed.

**V. HARSH, EXCESSIVE SENTENCE**

Petitioner's fifth claim that his sentence is unduly harsh and excessive fails to provide a basis for habeas relief. It is well-settled that, where the sentence imposed falls within the range prescribed by state law, no constitutional issue is presented upon which habeas corpus relief can be granted. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, petitioner was sentenced to concurrent determinate terms of imprisonment of twenty-five years (rape, sodomy) and a consecutive term of imprisonment of one and one-third to four years (intimidation). The County Court subsequently resentenced petitioner *nunc pro tunc* on the rape and sodomy counts to concurrent terms of imprisonment of twenty-five years and to a five-year period of post-release supervision.

Petitioner was indeed sentenced to the maximum allowable term for the rape and sodomy convictions.[5] His sentences, however, do not exceed the statutory maximum allowed by New York state law. See N.Y. Penal L. §§ 70.00, 70.15, 70.80. Accordingly, I conclude, and respectfully recommend, that petitioner's claim for habeas relief on the

---

[5] It appears, however, that the People could have properly requested consecutive sentences on the rape and sodomy convictions.

14

ground that his sentence was harsh and excessive does not rise to the level of a constitutional violation and must be dismissed.

## VI. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.[6]

## VII. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)© and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from the receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings;  Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

---

[6] Attached to this Report and Recommendation are copies of all unpublished opinions and decisions available only in electronic form cited herein. See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated:      September 27, 2010
            White Plains, New York

Respectfully submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.